CHARLOTTE PEARSALL (Formerly ROGERS), Respondent, *v.* JAMES MACBETH, Doing Business under the Name of JAMES MACBETH & COMPANY, Appellant.

Second Department, December 21, 1917.

**Master and servant — negligence — injury by explosion of fulminate caps — failure to promulgate rules — judgment for plaintiff affirmed.**

Action against an employer by an employee to recover for personal injuries caused by the explosion of fulminate caps, the negligence of the defendant being based upon the claim that the plaintiff had not been properly instructed as to the risks involved in her employment. Evidence examined, and *held*, that a judgment for the plaintiff should be affirmed.

APPEAL by the defendant, James Macbeth, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 3d day of January, 1917, upon the verdict of a jury for $2,500, and also from an order entered in said clerk's office on the 5th day of January, 1917, denying defendant's motion for a new trial made upon the minutes.

*Leander B. Faber* [*Charles H. Street* with him on the brief], for the appellant.

*Henry M. Dater* [*Jay S. Jones* and *Edward J. Fanning* with him on the brief], for the respondent.

PER CURIAM:

The former judgment was reversed in 1908. (*Rogers* v. *Macbeth*, 123 App. Div. 571.) The plaintiff has again recovered for her injuries. It is urged that this verdict also is against the weight of the evidence.

Plaintiff was one of the employees of an establishment making fulminate blasting caps. After having been filled with this explosive, they are set in an iron disk, where hot sulphur is poured over them. In the next step of the process, after the employee has picked off any adhering particles of sulphur, the caps are dipped into heated paraffin. This was what plaintiff was doing when an explosion occurred inflicting on

her severe injuries. The chief issue on the trial was whether she had been properly instructed as to the risks of handling fulminate; also whether the accident had been caused by her own want of care. The prior reversal was on the ground that the jury were not warranted in finding that plaintiff had not been instructed as to the inherent danger of her occupation. Plaintiff on the prior trials had some confirmatory evidence. However, on this trial, she called no less than eight witnesses, whose testimony tended to show an absence of proper instruction or warnings to the girls engaged with the plaintiff in this work of extreme hazard.

There has been a full and careful trial, in which the case was submitted to a jury by a clear charge, free from exception. The learned trial justice has declined to set the verdict aside. No serious objection is made to its amount. There is no reason to think that the details of this accident, becoming less distinct in memory after eighteen years, would be better brought out by a retrial.

An employer of persons handling sensitive explosives naturally has difficulty to establish suitable instructions and warnings to the employees when the proof rests on oral testimony alone — an embarrassment which posted notices would tend to obviate, since they would not only prove performance of the employer's duty, but conduce to the safety of those employed.

We have carefully examined the exceptions taken to the court's rulings, but find no reversible error.

The judgment and order are, therefore, affirmed, with costs.

Present — JENKS, P. J., STAPLETON, RICH, PUTNAM and BLACKMAR, JJ.

Judgment and order unanimously affirmed, with costs.